**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **POST OAK GRILL d/b/a LB RESTUARANTS, Individually and an Behalf of Those Similarly Situated,** | § § § § | |
| **Plaintiff,** | § § | |
| **vs.** | § § | **CIV. ACT. NO. 4:20-CV-03846** |
| **CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. CLU54563,** | § § § § § | |
| **Defendant.** | § | |

<u>**PLAINTIFFS' FIRST AMENDED COMPLAINT**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Post Oak Grill d/b/a LB Restaurants ("Post Oak"), Individually and on Behalf of Those Similarly Situated, files this Plaintiffs' Original Petition, complaining of Defendant, Certain Underwriters at Lloyd's, London Subscribing to Policy No. CLU54563 ("Certain Underwriters"). In support, Plaintiffs state the following.

**I.**

**NATURE OF THE CASE**

1.     This is a class action against Defendant Certain Underwriters for deceiving and defrauding its policy holders in connection with claims for business interruption caused by the Coronavirus pandemic. Defendant made misrepresentations to its customers that it would cover business interruption

2.     Plaintiff, on behalf of itself and Class Members, assert causes of action for breach of contract, breach of fiduciary duty, fraud, negligence, and violations of the Deceptive Trade

Practices Act, and seek to recover actual and consequential damages of no less than $1,000,000, exemplary damages, treble damages, attorneys' fees and costs.

## II.
## PARTIES AND PROCESS

3.      Plaintiff Post Oak is a professional corporation organized under the laws of the State of Texas with its principal place of business in Houston, Harris County, Texas.

4.      Defendant Certain Underwriters at Lloyd's London Subscribing to Policy No. CLU54563 is a foreign insurance syndicate with a certificate of authority to engage in the business of insurance in the State of Texas and conducts business in Houston, Harris County, Texas. Under the terms of the policy of insurance at issues, Certain Underwriters at Lloyd's London Subscribing to Policy No. CLU54563 may be served with process by serving its designated counsel, Mendes and Mount, 750 7th Avenue, New York, New York 10019.

## III.
## JURISDICTION AND VENUE

5.      The Court has jurisdiction over the parties and subject matter in this suit. The amount in controversy is within the jurisdictional limits of the Court.

6.      Venue is proper in Harris County, Texas, pursuant to the Texas Civil Practice and Remedies Code Section 15.002(a)(1) because it is the county in which a substantial part of the events or omissions giving rise to the claims herein occurred.

## IV.
## DISCOVERY CONROL PLAN

7.      Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3.

**V.**
**FACTS**

8.     Plaintiff is a business incorporated as a Professional Corporation in the State of Texas.

9.     Plaintiff purchased a business interruption insurance policy with Defendant. Plaintiff continued to pay premiums under the policy and at the time of the Coronavirus pandemic, Plaintiff had an effective business interruption insurance policy with Certain Underwriters at Lloyd's, London Subscribing to Policy No. CLU54563.

10.     Plaintiff's CEO Chef Leopoldo "Polo" Becerra embodies the definition of the American dream as he started from humble beginnings and became the distinguished owner and CEO of Post Oak Grill Restaurants. Hard work, tenacity, discipline, and a marvelous work ethic are among the ingredients in his recipe for success; caring for his family, employees and business is his priority.

11.     In addition to offering an inviting ambiance with superior service, Chef Polo ensures an unforgettable dining experience for guests and consistently leaves an indelible impression with his *Picassoesque* creation of unique dishes. The variety of courses keeps guests returning to the trailblazer of haute cuisine in Houston. Dishes include light, fresh starters and salads; center-cut steaks, chops and fresh seafood; an international wine list; and sensational desserts.



12.     Along with a celebrated chef and highly successful entrepreneur, Chef Polo is an icon in the community.

13.     Post Oak Grill paid for a policy the insurance company prepared and provided for Chef Polo by Defendant.  During the pandemic, Chef Polo kept his business afloat as best he could.  He kept as much staff as possible, a staff that has been with him for a long time.

14.     Through the hardship, he was encouraged to know that he had "business interruption" insurance coverage all these years.  No one had ever told him that "pandemics" do not apply to overall "business interruption."  The insurance company could have specifically excluded it, yet they did not.

15.     After experiencing business interruption due to the Coronavirus pandemic, Plaintiff Chef Polo believed he had coverage and submitted a claim with Certain Underwriters at Lloyd's, London Subscribing to Policy No. CLU54563. Defendant denied coverage pointing to the policy.

16.     The policy is written ambiguously so that there is no indication that a Coronavirus business interruption would not be covered. There is language that one can rely on to think it is covered, like Chef Polo thought. Yet Defendant denied his claim and they denied claims all over

the country. Chef Polo paid for his business coverage, as did many others. He believed he had a contract with Defendant. He was shocked to find out his coverage was denied for business interruption and Post Oak Grill has been damaged by the denial of coverage.

## VII.
## CAUSES OF ACTION

**Count One – Breach of Contract**

17.     Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff reasserts and incorporates all allegations set forth herein.

18.     Plaintiff entered into valid, enforceable agreements with Certain Underwriters for business interruption insurance. Plaintiff is in privity with Certain Underwriters as parties to valid, enforceable contracts or implied contracts. Plaintiff has standing to sue Certain Underwriters for breach of those agreements.

19.     Despite Plaintiff fulfilling their obligations under the agreements, Certain Underwriters breached the agreements by refusing to approve valid claims under the business interruption insurance policies claiming that there was no coverage.

20.     As a result of Certain Underwriters breach, Plaintiff has been injured. Plaintiff's damages are within the jurisdictional limits of the Court.

**Count Two – Fraud**

21.     Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff reasserts and incorporates all allegations set forth herein.

22.     Defendant led Plaintiff to believe it would evaluate claims based on objective facts and criteria rather than the total number of business interruption claims Defendant received. Defendant did not evaluate Plaintiff's claims objectively. Defendant denied business income loss coverage to any business claiming a business income loss connected with the Coronavirus global

pandemic.  Thereby making false representations to Plaintiff as to material facts.

23.    As a result of relying on Defendant's representations, Plaintiff has been damaged in an amount within the jurisdictional limits of the Court.

**Count Three – Negligence**

24.    Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff reasserts and incorporates all allegations set forth herein.

25.    In the alternative, Defendant was negligent in processing Plaintiff's claims, leading to a denial of coverage.

26.    Defendant owed a duty of care to Plaintiff but breached that duty and made negligent misrepresentations.

27.    Defendant's negligence proximately caused Plaintiff's and Class Members' damages, which are within the jurisdictional limits of the Court.

**Count Five – Violation of the Deceptive Trade Practices Act**

28.    Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff reasserts and incorporates all allegations set forth herein.

29.    Plaintiff is a consumer as defined in the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), embodied in the Texas Business & Commerce Code §17.46 *et seq*. Defendant are persons who can be sued for DTPA violations.

30.    Defendant knowingly and/or intentionally committed false, misleading, and deceptive acts and, in doing so, violated provisions of the DTPA. In promising to (1) provide coverage for business interruption to its policy holders who are paying premiums to include business loss income coverage, and (2) objectively and impartially process claims for business

interruption, but failing to do so as promised, Defendant knowingly and/or intentionally violated the DTPA in the following, but not so limited, ways:

- Representing that goods or services have characteristics, uses, benefits, or quantities which they do not have or that a person has sponsorship, approval, status, affiliation, or connection which he does not;

- Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and

- Failing to disclose information about goods or services that was known at the time of the transaction with the intent to induce the consumer into a transaction that that the consumer would not have entered into the information been disclosed. TEX. BUS. & COM. CODE §17.46.

31.    Defendant did not provide the services as promised. Instead, they took advantage of Plaintiff's capacity, ability, knowledge, and experience to a grossly unfair degree thereby acting unconscionable.

32.    Because Defendant acted knowingly and/ or intentionally, Plaintiff and Class Members are entitled to and seek to recover treble damages under the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE §17.50 (b)(1).

**Count Six – Violations of the Texas Insurance Code**

33.    Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff reasserts and incorporates all allegations set forth herein.

34.    Defendant's actions were in violation of the Texas Insurance Code, § 541.060 because Defendant engaged in an unfair or deceptive act or practice in the business of insurance. Specifically, Defendant violated § 541.060 by engaging in the following unfair settlement practices with respect to claims made by the Plaintiff class:

- misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

- refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

35.    Defendant failed to explain to Plaintiff the material policy provision of this matter. Coronavirus or COVID -19 does not fit into any of the exclusions listed on the policy. Furthermore, the policy's language is ambiguous. As it states that "We [Defendant] will pay for the actual loss of Business Income you sustain due to the necessary 'suspension' of your 'operations' during the 'period of restoration'. The 'suspension' must be caused by direct physical loss of or damage to properly at premises which are described in the Declarations." *See Policy's Business Income (and Extra Expense) Coverage Form.* The Coronavirus caused a direct physical loss of Plaintiff's covered property as no one was able to enter the property during a specific period. A scenario that does not fit any exclusions of the policy, thereby should be a covered business income loss.

36.    Because Defendant acted knowingly and/ or intentionally, Plaintiff and Class Members are entitled to and seek to recover treble damages under Section 541.152 of the Texas Insurance Code.

## VIII.
## CONDITIONS PRECEDENT

37.    All conditions precedent to Plaintiff's recovery and the claims made the subject of this suit have been performed or have occurred.

## IX.
## EXEMPLARY DAMAGES

38.    Plaintiff seeks exemplary damages against Defendant pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code. Exemplary damages are justified by Defendant's malice and ill will demonstrated by their knowledge and assistance in the fraud committed against Plaintiff.

## X.
## ATTORNEYS FEES

39.    Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff reasserts and incorporates all allegations set forth herein.

40.    Pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code, Section 17.50(d) of the Texas Business and Commerce Code, and Section 541.152(a)(1) of the Texas Insurance Code, Plaintiff are entitled to recover reasonable attorney's fees and costs in the prosecution of this action.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully pray that Defendant be cited to answer herein and that upon final trial of this case, the following relief be awarded

1.   Plaintiff be granted judgment against Defendant in the amount of actual and other damages of no less than $1,000,000;

2.   Plaintiff be granted judgment against Defendant for exemplary damages in a sum determined by the trier of fact;

3.   Plaintiff be granted judgment against Defendant for treble damages as authorized by TEX. BUS. & COM. CODE § 17.50 (b)(1) and TEX. INS. CODE § 541.152 for knowing and/ or intentional conduct;

4.   Plaintiff be granted judgment against Defendant in the amount of reasonable, necessary, and customary legal fees and expenses incurred in this lawsuit;

5.   Plaintiff be granted judgment against Defendant for pre-judgment interest as provided by §302.002 of the Texas Finance Code, and post-judgment interest on the total amount of the judgment until paid at the maximum rate allowed by law, which is the interest rate published by the Consumer Credit Commissioner;

6.   Plaintiff be granted judgment against Defendant for all costs of court; and Plaintiff be granted such other and further relief, special or general, legal or equitable, to which Plaintiff may show itself to be justly entitled to receive.



Respectfully submitted,

_____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
5120 Woodway Dr., Suite 10010
Houston, TX 77056
Main: (713) 742-0900
Fax: (713) 742-0951

**ATTORNEYS FOR PLAINTIFF**


**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of September 2021, a true and correct copy of *Plaintiffs' First Amended Complaint* was served on counsel for Plaintiff via the Court's CM/ECF filing system:

_____
Alfonso Kennard, Jr.